DAVID GORDON EL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gordon El v. Commissioner
Docket No. 25857-88
United States Tax Court
T.C. Memo 1990-182; 1990 Tax Ct. Memo LEXIS 203; 59 T.C.M. (CCH) 329; T.C.M. (RIA) 90182; April 9, 1990
*203 Petitioner's principal place of employment was the Newark Police Department. Petitioner at the same time held two part-time jobs as a security guard. Held: Unreported income determined. Held further: Petitioner is not entitled to deductions for alleged payments of interest, taxes, and contributions. Held further: Petitioner was in the trade or business of being an employee. Held further: Petitioner is entitled to deductions for automobile expenses. Held further: Miscellaneous business expense deductions are denied. Held further: Petitioner is liable for additions to tax for negligence. Held further: Respondent's determination that petitioner is liable for the additions to tax for substantial underpayments is sustained in the event that underpayments within the meaning of section 6661 exist after computations under Rule 155. David Gordon El, pro se. Talitha L. Poulin, for the respondent. WHITAKER
*510 MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By timely statutory notice respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: *511 Additions to Tax
Year
Deficiency
Section 6653(a) [1]
Section 6661
1985
$  8,975
$ 449
$ 1,795
1986
12,437
621
2,500
After concessions by respondent for deductions substantiated by petitioner, the issues for decision are: (1) whether petitioner failed *206 to report $ 251 in income in 1985; (2) whether petitioner is entitled to interest expense deductions in the amounts of $ 1,793.88 in 1985 and $ 562.17 in 1986; (3) whether petitioner is entitled to deductions for payments of state and local taxes in the amounts of $ 1,126.19 in 1985 and $ 1,727.73 in 1986; (4) whether petitioner is entitled to deductions characterized as contributions; (5) whether petitioner carried on a trade or business; (6) whether petitioner is entitled to certain business expense deductions; (7) whether petitioner is liable for additions to tax for negligence or disregard of rules and regulations; and (8) whether petitioner is liable for additions to tax for substantial understatements of Federal income tax liability. FINDINGS OF FACT Some of the facts in this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. During the years in issue and at the time of filing his petition in this case, petitioner resided in Newark, New Jersey. Petitioner graduated from Seton Hall University in 1978 with a degree in business administration. While at Seton Hall, petitioner received training *207 in accounting and the preparation of tax returns. Such training included instruction in the necessity for maintaining records in substantiation of claimed deductions. During 1985 and 1986, petitioner's principal place of employment was the Newark Police Department (Police Department). Until the middle of 1986, petitioner worked 40 hours a week for the Police Department as a bodyguard for the Mayor of Newark. Petitioner was transferred out of the Mayor's office at that time, but continued to work in another capacity for the Police Department for the remainder of the year. Although the Police Department did not require petitioner to own a personal automobile as a condition of employment, the Mayor of Newark occasionally asked petitioner to use his personal automobile to run errands for the Mayor. Such errands included transporting the Mayor's wife for medical treatment in New York City. Petitioner also held two part-time jobs during 1985 and 1986. On weekends, petitioner worked as a security guard for Pathmark, a grocery store. Petitioner's duties at Pathmark included patrolling fenced parking areas and providing security for customers entering and leaving the store. During *208 the same time period, petitioner worked as an evening or night shift security guard for St. Michael's Hospital Center (St. Michael's). At St. Michael's, petitioner was responsible for general exterior security, including patrol of fenced parking areas. Both Pathmark and St. Michael's treated petitioner as an employee and reported petitioner's wage income on Forms W-2. In addition, petitioner received $ 251 in 1985, for reasons unidentified in the record, from the State of New Jersey, Division of Pensions. At any given time during 1985 and 1986 petitioner owned between four and six personal automobiles. Petitioner used one of his personal automobiles to patrol the parking lots at Pathmark and St. Michael's. On occasion petitioner also used one of his automobiles, a Datsun or a Chevrolet station wagon, to block holes in perimeter fencing surrounding the parking lots at Pathmark and St. Michael's or to block entrances or exits to either of the parking lots. Petitioner often drove to Pathmark or St. Michael's directly from his job with the Police Department. Beginning in 1978 and continuing through 1986, petitioner rented an apartment which was located approximately four miles *209 from his home. Petitioner, however, rarely slept there. Although petitioner referred to the apartment as his "office," under the terms of the lease the apartment could be used only for residential purposes. Petitioner stored items such as battery chargers and traffic cones, which he used in connection with his security jobs, in the apartment. Petitioner also kept filing cabinets, a typewriter, and a copy machine in the apartment. Petitioner did not, however, have telephone service in the apartment. Although petitioner occasionally read security policy manuals from Pathmark and St. Michael's and filled out applications for other security jobs while at the apartment, petitioner primarily used the apartment as a private retreat away from the noise of his family and for storage. OPINION The parties stipulated that petitioner received payments amounting to $ 251 from the State of New Jersey, Department of Pensions, in 1985. Respondent determined from review of petitioner's 1985 income tax return that petitioner failed to report that amount as income. *512 We agree with respondent that such amount must be included in income. *210 Except as otherwise provided, gross income includes all income from whatever source. Sec. 61(a). Petitioner offered neither an explanation for his failure to report such income nor proof that the amount was otherwise nontaxable. We sustain respondent's determination that petitioner had $ 251 in unreported income in 1985. Respondent next contests numerous deductions claimed by petitioner on both Schedules A and Schedules C of his 1985 and 1986 income tax returns. Preliminary to determination of entitlement to those claimed deductions, we note that it has long been established that deductions are a matter of legislative grace to which petitioner must prove entitlement by a preponderance of the evidence. New Colonial Ice Co. v. Helvering, 290 U.S. 435, 440 (1934); Rule 142(a). In addition to fulfilling pertinent statutory requirements, a cash-basis taxpayer must substantiate the payments which give rise to claimed deductions. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). 1. *211 Interest Expense
At trial, petitioner testified that during 1985 and 1986 he made payments on various installment liabilities by writing one check in payment of both the interest and the principal portions of each particular installment debt. Respondent concedes that petitioner is entitled to deductions attributable to the interest portions of those payments pursuant to section 163. However, respondent argues that petitioner is not entitled to deduct the alleged interest expenses remaining in issue, which amount to $ 1,793.88 in 1985 and $ 562.17 in 1986. We agree with respondent. Petitioner admitted that he merely added up the amounts of his total monthly payments of principal and interest and claimed the sums as payments of interest expenses. Thus, after concessions, most of the remaining alleged interest payments were in reality payments of the principal portion of various installment debts. Payments of principal are not deductible as payments of interest expenses under the provisions of section 163. In addition, petitioner testified that some of the amount claimed as interest *212 paid in 1985 was actually interest paid to the Internal Revenue Service in 1984. As we explained at trial, a cash-basis taxpayer may not claim deductions for payments made in a previous tax year. If the period of limitations has not expired, petitioner may file an amended return to claim deductible interest payments made in 1984. 2. Taxes
Respondent concedes that petitioner is entitled to some of the amounts which, pursuant to section 164, he claimed as deductions attributable to payments of state and local taxes. However, respondent argues that petitioner is not entitled to deduct $ 1,126.19 in 1985, and $ 1,727.73 in 1986, less the amounts of concededly deductible sales tax to be determined based on the outcome of this opinion, as payments for state and local taxes. Other than for amounts conceded, petitioner has offered no evidence with respect to payment of state or local taxes. We therefore deem petitioner to have conceded this issue and sustain respondent's determination. 4. Contributions
Petitioner claimed deductions for payments characterized as "contributions" in the amounts of $ 1,255 and $ 1,350 during 1985 and 1986, respectively. In substantiation *213 of such contributions, petitioner submitted a cancelled check in the amount of $ 500 made payable to Michael Young Creative Clocks, a cancelled check in the amount of $ 300 made payable to Sherman Brooklyn Universal Prayer Band, and a cancelled check in the amount of $ 500 made payable to Gibson Campaign Fund. At trial, petitioner admitted that the payment to Michael Young Creative Clocks was not a charitable contribution or any other type of deductible contribution. Petitioner presented no evidence that payments to Sherman Brooklyn Universal Prayer Band and to the Gibson Campaign Fund qualify as deductible contributions. Moreover, petitioner presented no evidence of any sort with respect to the remaining claimed contributions. Thus, petitioner has failed to carry his burden of proving entitlement to deductions for any of the claimed contributions and we sustain respondent on this issue. Rule 142(a). 4. Petitioner's Trade or Business
We must next decide whether petitioner carried on a trade or business. The Police Department, Pathmark, and St. Michael's treated petitioner as an employee, and petitioner stipulated that he was an employee of each of those organizations. *214 Respondent urges us to find that petitioner's employment activities do not constitute the carrying on of a trade or business. We have long recognized that an individual may be in the trade or business of being an employee. Drucker v. Commissioner, 79 T.C. 605, 612 (1982), Revd. and remanded on another issue 715 F.2d 67 (2d Cir. 1983); Cooper v. Commissioner, 67 T.C. 870, 872 (1977), affd. sub nom. Sibla v. Commissioner, 611 F.2d 1260 (9th Cir. 1989); Primuth *513 v. Commissioner, 54 T.C. 374 (1970). Accordingly, we find that petitioner was in the trade or business of being an employee of the Police Department, Pathmark, and St. Michael's. Under the circumstances of this case, it is unnecessary to determine whether petitioner was engaged in more than one trade or business because of his several employers. Respondent initially alleged that petitioner failed to report $ 1,344 in wages received from Pathmark in 1985. However, petitioner reported such amount on Schedule C of his joint return for that year. Respondent *215 now concedes that this amount is not unreported income, but argues that petitioner should have reported the income as wage income on Form 1040, line 7, rather than on Schedule C. We agree. Income received as wage income is properly reported on line 7 of Form 1040. Sec. 6011(a). 5. Employee Trade or Business Deductions
Petitioner claimed, and respondent disallowed, the following amounts as deductions for ordinary and necessary business expenses: 1985
1986
Auto Expenses
$ 3,211
$ 4,305
Depreciation (1978 Cadillac)
1,000
Car Insurance (4 vehicles)
3,300
3,356
Laundry
575
525
Legal & Profess. Fees
1,214
3,238
Rent
2,208
2,400
Repairs to Office
875
675
Travel & Entertainment
1,945
Bad Debts
475
885
Utilities
1,115
1,588
Office Expenses
275
375
Other Expenses:
Auto expense (business use 30%)
1,557
State Regulatory Fees
876
Campaign Contribution
500
Social Security taxes
1,010
State income taxes
1,020
Federal income taxes
3,393
*216 Those expenses which are directly and proximately related to the active conduct of petitioner's business of being an employee are deductible under section 162. Cooper v. Commissioner, supra at 873. Expenses which are a condition of employment are ordinary and necessary expenses of the trade or business of being an employee and as such are deductible under section 162(a). Cooper v. Commissioner, supra at 872. However, personal, living, or family expenses are not deductible unless otherwise provided. Sec. 262. a. Automobile Expenses
Petitioner claimed $ 3,211 in automobile repair expenses, $ 1,000 in automobile depreciation, and $ 3,300 in automobile insurance for 1985. Petitioner claimed $ 4,305 in automobile repair expenses and $ 3,356 in car insurance expenses for 1986. In addition, petitioner claimed a separate deduction for $ 1,557 in expenses pertaining to business use of his personal automobiles. Petitioner substantiated the payment of insurance premiums for all his vehicles, including the Datsun and the Chevrolet station wagon. Petitioner's insurance premiums for 1985 and *217 1986 on those two cars amounted to $ 309 per year, for each vehicle. However, petitioner submitted only cancelled checks in substantiation of repair expenditures for his various vehicles and could not identify which repair expense pertained to which particular vehicle. Petitioner did not keep segregated records of his business-related mileage and was unsure of the total mileage traveled for business purposes. Nevertheless, we found petitioner's testimony with regard to the business use of his automobiles to be credible. Specifically, we find credible petitioner's estimation that 30 percent of the use of the Datsun and the Chevrolet station wagon was business use. We are convinced that petitioner used his vehicles while at Pathmark and St. Michael's to provide the security services required by both employers. Further, although a personal automobile was not a requirement of employment with the Police Department, petitioner used his own vehicle to fulfill the requirements of the Mayor of Newark, to whom he was assigned by the Police Department. We disagree with respondent's position that petitioner is not entitled to deduct any expenses attributable to travel between his principal *218 place of employment at the Police Department and his jobs at Pathmark and St. Michael's. Direct travel between two places of employment does not constitute commuting and the cost of such travel is deductible. See Barnes v. Commissioner, T.C. Memo. 1986-585 (expenses of travel between places of business of the taxpayer's various unrelated employers were deductible business expenses); cf. Steinhort v. *514 Commissioner, 335 F.2d 496, 497-498 (5th Cir. 1964), affg. and remanding a Memorandum Opinion of this Court; Heuer v. Commissioner, 32 T.C. 947, 953 (1959), affd. per curiam 283 F.2d 865 (5th Cir. 1960). We conclude that petitioner is entitled to a deduction for local automobile expenses incurred pursuant to his trade or business of being an employee. The burden is on petitioner to maintain adequate records from which his allowable deductions may be determined. However, in the absence of formal records, secondary evidence may be used *219 by which some reasonable approximation of the allowable amount may be determined. Sec. 1.162-17(d), Income Tax Regs. Accordingly, in the absence of specific evidence, we may estimate the amount of petitioner's automobile expenses, "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making." Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). Applying the standard set forth in Cohan and Williams, we conclude that deductions in the amount of $ 92.70 for 1985 and $ 80 for 1986 are reasonable. We reach these amounts by multiplying the 30 percent business use of the Datsun and Chevrolet by the amount of insurance premiums substantiated by petitioner, i.e., $ 309 per vehicle, per year. We further reduced the amount reached in our application of the Cohan rule for 1986 to reflect the fact that petitioner ceased using his vehicles to run errands for the Mayor of Newark in the latter half of 1986. However, all other automobile-related expenses for which petitioner claimed deductions, including a claim for depreciation on a *220 car used solely by petitioner's wife for her personal use, are nondeductible personal expenses. b. Other Claimed Business Expense Deductions
Petitioner maintains that the apartment which he rented was used as an office. Petitioner further argues that rental of the apartment during 1985 and 1986 was an ordinary and necessary expense of his various jobs. We find instead that the apartment was primarily a place where petitioner could escape from the noise made by his family. We do not dispute that petitioner may have read security policy manuals, stored small items of equipment used while on duty, or typed job applications while at the apartment. However, petitioner has failed to prove that rental of the apartment for such activities was necessary to employment with the Police Department, Pathmark, or St. Michael's or that such activities could not be conducted at his places of employment or his home. Petitioner has also failed to show that the cost of renting the apartment was a reasonable cost for storage of a minimal amount of small equipment. Petitioner is not entitled to deductions for expenses pertaining to the rental of, and repairs to, the apartment. Respondent *221 also disallowed petitioner's claimed deductions for employer's payments of state income taxes, Social Security taxes, and Federal income taxes. Petitioner was not an employer, but rather was an employee of three unrelated organizations. At trial, petitioner admitted that he claimed a deduction in 1986 for payment of his own Federal income taxes. Nowhere does the Code provide for deductions attributable to such payments. Further, an individual who is not an employer may not claim an employer's deduction for payment of an employee's state income taxes or Social Security taxes. We sustain respondent on this issue. With regard to all other deductions claimed by petitioner, we sustain respondent. The record is devoid of proof that any of the remaining claimed expenses were ordinary and necessary expenses directly related to petitioner's employment, were otherwise deductible, or that payment of such expenses was ever made. Petitioner admitted that he claimed his home utility expenses as business expenses. Petitioner further admitted that he claimed deductions for telephone expenses attributable *222 to the apartment when there was no telephone in the apartment. Petitioner failed to prove that any expenses for legal fees or expenses for travel and entertainment expenses were deductible. He failed to show the existence of debts which became worthless during 1985 or 1986. In addition, petitioner failed to substantiate payment of any state regulatory fees or of claimed laundry expenses allegedly necessitated by his jobs. Thus, petitioner is entitled to none of these remaining deductions. 6. Additions to Tax
Respondent determined that petitioner is liable for additions to tax pursuant to section 6653(a) for both of the years in issue. Section 6653(a) was applicable to tax years for which the last prescribed date for payment of taxes was prior to January 1, 1982. Section 6653(a) was amended and redesignated as section 6653(a)(1) by the Economic Recovery Tax Act of 1981, sec. 722(b), Pub. L. 97-34, 95 Stat. 172. That section was further amended and redesignated as section 6653(a)(1)(A) by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2752. Section 6653(a)(1) is applicable to tax year 1985 and section 6653(a)(1)(A) is applicable to tax year 1986. These sections *223 are therefore the sections applicable to the present case. Section 6653(a)(1) and section 6653 (a)(1)(A), like their predecessor section 6653(a), impose an *515 addition to tax of 5 percent of the amount of any part of an underpayment due to negligence or disregard of rules or regulations. Respondent's determination of negligence is presumed correct and the taxpayer bears the burden of proving the determination erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). For purposes of applying section 6653(a)(1) and section 6653(a)(1)(A), negligence is defined as lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985), quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6653(a)(3). Petitioner is entitled to some of his claimed deductions. *224 Notwithstanding that fact, however, the record reveals that petitioner consistently claimed personal expenses as business expenses and failed to substantiate payment for most of the claimed deductions in issue. Petitioner had training in the preparation of income tax returns and was aware of the rules regarding record keeping and substantiation of expense payments. We conclude, therefore, that petitioner willfully or intentionally disregarded the rules and regulations, and we sustain respondent's determination of the negligence additions to tax for the years 1985 and 1986. Respondent also determined that petitioner substantially understated his income tax liability in the amounts of $ 8,975 and $ 12,437 for 1985 and 1986, respectively. Thus, respondent urges us to find petitioner liable for additions to tax pursuant to section 6661. For additions assessed after October 21, 1986, section 6661(a) provides for a 25-percent addition to tax in the case of substantial understatements of Federal income tax liability. Pallottini v. Commissioner, 90 T.C. 498 (1988). An understatement *225 is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return, or $ 5,000, whichever is greater. Sec. 6661(b)(1)(A). Petitioner has offered no evidence with respect to the section 6661 additions and we therefore deem him to have conceded this issue. Rothstein v. Commissioner, 90 T.C. 488, 497 (1988). However, respondent conceded a significant number of claimed deductions and we found that petitioner was entitled to deduct automobile expenses. Therefore, we sustain respondent's determinations in the event that petitioner's understatements are still substantial within the meaning of section 6661(b)(1) after the necessary Rule 155 computations. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩